JOHN DOE, *ex dem.* PETER W. BALLINGALL, plaintiff in error *v.* THOMAS SPRAGGINS, defendant in error.

*Error to Jo Daviess.*

In a cause tried by the Court without the intervention of a jury, a bill of exceptions cannot be taken to the final judgment of a Circuit Court non-suiting the plaintiff, even where it is agreed by the parties, that either party shall have the same right to except as if the cause were tried by a jury.

A bill of exceptions will only lie for receiving improper testimony, or rejecting proper testimony, or for misdirecting the jury on a point of law.

THIS cause was heard at the April term, 1836, of the Jo Daviess Circuit Court, before the Hon. Thomas Ford.

(1) 2 East. 477; 4 Term. 557.

---

Garrett *v*. Phelps.

---

L. Bigelow, for the plaintiff in error.

W. J. Gatewood, for the defendant in error.

Lockwood, Justice, delivered the opinion of the Court:

This was an action of *ejectment* brought in the Jo Daviess Circuit Court, to recover the possession of a lot of ground in the town of Galena. The cause was tried by the Court, by consent of parties, without a jury, and it was agreed by the parties, "That both or either party should have the same right to except, as if this cause were tried by a jury."

A bill of exceptions was taken by the plaintiff on the trial, by which it appears that testimony was given by both parties on the question raised on the trial, whether a deed purporting to have been executed by Spraggins to Ballingall, had been duly delivered. The Court was of opinion that there was not sufficient proof of the delivery of the deed, and non-suited the plaintiff. This decision the plaintiff assigns for error.

The point presented in this case for our decision, is whether a bill of exceptions will lie to the opinion of the Court, where the Court hears the testimony on both sides, and then decides according to the weight of testimony? Had this cause been tried by a jury in the ordinary mode, the bill of exceptions would not have been signed. The judge neither received improper, nor rejected proper testimony, and as there was no jury, there was no misdirection on a point of law. The bill of exceptions, then, according to the decision of this Court in the case of Swafford *v*. Dovenor,(1) decided in February, 1835, was improperly allowed.

The judgment below is consequently affirmed with costs.
*Judgment affirmed.*

(1) *Ante* 165. See also White *et al. v*. Wiseman, *Ante* 169; Gilmore *v*. Ballard, *Ante* 252; Stringer *v*. Smith *et al., Ante* 295; note, *Ante* 167.